UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DIANTA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00473-JRS-MG |
| | ) | |
| SHEPARD, | ) | |
| C. HOLCOMB, | ) | |
| BREWER, | ) | |
| | ) | |
| Defendants. | ) | |

## Order

Plaintiff, Dianta Williams, maintains claims under 42 U.S.C. § 1983 against Mark Shepard, Israel Brewer, and Christopher Holcomb, in their individual capacities. Williams alleges unconstitutional conditions of confinement in violation of the Eighth Amendment. (Order Screening Compl. 3, ECF No. 18.) The Court previously dismissed Williams' claim against Grievance Specialist Crichfield. (*Id.*) The remaining Defendants now move the Court for summary judgment. (ECF No. 46.) Williams was served with notice regarding his right to respond and submit evidence in opposition to summary judgment. (ECF No. 50.) Williams has not filed a response.

### I.   Legal Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable

inferences in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court only has to consider the materials cited by the Parties. Fed. R. Civ. P. 56(c)(3). It need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 572 (7th Cir. 2017). A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Where, as here, a non-movant fails to respond to the summary judgment motion, facts alleged in Defendants' motions are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file a response brief and identify disputed facts). But "[e]ven where a non-movant fails to respond to a motion for summary judgment, the

movant still has to show that summary judgment is proper given the undisputed facts . . . ." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.   Background

Dianta Williams is a prisoner in the custody of the Indiana Department of Corrections at Wabash Valley Correctional Facility in Carlisle, Indiana. (Compl. 1, ECF No. 1.) He is housed in a single-person cell. (Shepard Decl. ¶ 5, ECF No. 48-3.) Mark Shepard and Israel Brewer are correctional officers at the facility. (*Id.* ¶ 2; Brewer Decl. ¶ 2, ECF No. 48-5.) Christopher Holcomb is a lieutenant at the facility and is responsible for supervising correctional sergeants and officers. (Holcomb Decl. ¶¶ 2–5, ECF No. 48-4.)

The dispute here centers on a May 7, 2022, incident, when a prisoner living one floor above Williams flooded his cell with toilet water, which seeped from that prisoner's cell below into Williams' cell and accumulated to a height of approximately one inch. (Shepard Decl. ¶¶ 17–20, ECF No. 48-3.) A sanitation team arrived and began sweeping excess water out of the hallway, through a door that led to the recreation yard. (*Id.* ¶ 21.) As the sanitation team cleared out the hallway, Officer Shepard walked up to various inmates' cells and spoke to them through their cell doors. (*See* Ex. E, Video from May 7, 2022, ECF No. 48.)

Williams claims that during their conversation, he asked Officer Shepard to have the sanitation team clean his cell, but Shepard refused. (Williams Dep., Part 2, 31:21–32:14, ECF No. 48-2.) Yet Officer Shepard allowed the sanitation team to clean other inmates' cells. (*Id.*) Williams says he was left to clear out the toilet water in

3

his cell with his clothing. (*Id.* at 32:25–33:22.) And he sanitized his cell with germicide that he kept in his cell. (*Id.*)

Williams claims that as a supervisor, Lt. Holcomb could have intervened to have Williams' cell cleaned, but Lt. Holcomb refused. (*Id.* at 39:7–15.) Williams believes that he was left to sit in the toilet water because the officers disliked him. (Williams Dep., Part 1, 14:13–15, ECF No. 48-1.)

After the flood, Officer Brewer inventoried the damaged property. Williams claims that Officer Brewer refused to inventory Williams' television as damaged by the flood—which, if inventoried, would have entitled him to a replacement television. (*See id.* at 15:4–21.)

Defendants dispute Williams' version of events. Officer Shepard maintains that he offered Williams to have the sanitation team clean his cell, but Williams declined, opting to clean it on his own with spare clothing.[1] (Shepard Decl. ¶¶ 23–24, ECF No. 48-3.) After Williams cleaned his cell, Officer Shepard gave him fresh clothes and bedding. (*Id.* ¶¶ 29–30.)

Lt. Holcomb attested that he was not at the cell range during the flood, and he was not aware of Williams' allegations until Williams filed a grievance about the matter a few days later. (Holcomb Decl. ¶¶ 8–11, ECF No. 48-4.) And Officer Brewer attested that, after a flood, officers only inventory damaged clothing, bedding, towels, and washcloths for replacement—not electronics such as televisions. (Brewer Decl.

---

[1] The camera footage of the incident does not settle this dispute because there is no audio recording of the conversation between Williams and Officer Shepard. (*See* Ex. E, Video from May 7, 2022, ECF No. 48.)

¶¶ 9–13, ECF No. 48-5.) If prisoners want the correctional facility to replace a damaged television, they need to submit a grievance. (*Id.* ¶ 14.)

Defendants move the Court for summary judgment arguing that (1) Williams was not subjected to inhumane conditions of confinement, (2) Officer Shepard was not deliberately indifferent to his conditions of confinement, (3) Officer Brewer and Lt. Holcomb were not personally responsible for Williams' conditions of confinement, and (4) Defendants are entitled to qualified immunity.

### III. Analysis

#### a. Mark Shepard

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim under the Eighth Amendment includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). To prevail under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to the inmate's health and safety." *Id.* (internal quotations omitted). Under the subjective component, a prisoner must show that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458

(7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Here, Williams cannot establish either the objective or subjective elements of a conditions-of-confinement claim.

Beginning with the objective element, Williams cannot prove that he was subjected to an excessive risk to his health and safety. To be sure, repeated or prolonged exposure to feces can create an excessive risk to health and safety. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019) ("[P]lacing a prisoner in a cell for three days without running water and in which feces are smeared on the walls while ignoring his requests for cleaning supplies could violate the Eighth Amendment.") (internal quotations omitted); *see, e.g., Hogan v. Vanihel*, No. 2:22-cv-00294-JMS-MJD, 2024 WL 3988984, at *3–4 (S.D. Ind. Aug. 29, 2024) (explaining that a reasonable jury could conclude that the prisoner was exposed to a substantial risk of serious harm when the prisoner was exposed to approximately fifty incidents of sewage flooding his cell, often for hours at a time). However, mere exposure to feces is not enough. *See, e.g., Alphonse v. Medina*, No. 22-cv-125-SCD, 2024 WL 3983811, at *3 (E.D. Wis. Aug. 29, 2024) (explaining that a prisoner was not subjected to unconstitutional conditions of confinement when his cell flooded with feces-contaminated toilet water because the cell flooded for less than five hours and the prisoner was able to sit on his bed, above the water, during the flood).

Ultimately, the essential question is whether the "severity and duration of the conditions" were "so significant" that they violated the Constitution. *See Hardeman*,

6

933 F.3d at 824; *see also Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (affirming summary judgment in favor of the prison officials because "[t]he record does not establish the frequency, severity, or duration of the unsanitary cell conditions . . . making it hard to evaluate the objective component of the claim").

Here, Williams cannot demonstrate that he was subjected to an excessive risk to his health and safety because he has not produced any evidence of the duration or severity of his conditions.  There is no evidence for example, that he was exposed to toilet water for a prolonged period of time or that the water was heavily contaminated with feces—as opposed to toilet water without a discernable fecal smell or color.  To the contrary, the camera footage of the flood shows the sanitation team clearing out the water over the course of about forty-five minutes, indicating that the flooding was relatively brief.  (*See* Ex. E, Video from May 7, 2022, ECF No. 48.)  Thus, no reasonable jury could conclude that Williams was exposed to an excessive risk to his health and safety.  Also, whether or not Williams was offered or denied sanitation team cleaning, a dispute the Court need not resolve for purposes of this element, Williams' own evidence establishes that he himself cleaned and sanitized his cell, thereby removing any unsanitary conditions.  In any event, there was no prolonged or severe exposure; and this is enough to defeat his claim.

Turning to the subjective element, Williams cannot establish that Officer Shepard refused to take steps to correct Williams' conditions of confinement.  Officer Shephard attested that he offered to have Williams' cell cleaned by the sanitation team, but Williams declined and chose to clean it himself.  Defendants cited Officer Shepard's

7

offer to Williams in their Statement of Material Facts Not in Dispute. (*See* Defs.' Mem. ¶ 25 at 5, ECF No. 47.) For the purposes of the summary judgment motion, the Court accepts this as true because Williams has not specifically controverted this assertion in a responsive brief, the fact is supported by admissible evidence, and there is no evidence in the record that undermines the assertion. *See* S.D. Ind. L.R. 56-1(f). Accordingly, because Officer Shepard offered Williams the opportunity to have his cell cleaned by the sanitation team, no reasonable jury could conclude that Officer Shepard was deliberately indifferent. *See Donald*, 982 F.3d at 458 (explaining that the subjective component requires something "approaching a total unconcern for the prisoner's welfare"). Further supporting the conclusion that Officer Shepard did not refuse to take steps to correct the conditions or otherwise showed indifference toward them, is the undisputed evidence that he gave Williams replacement bedding and clothing.

In sum, there is insufficient evidence to establish either the objective or subjective elements of Williams' conditions-of-confinement claim. The failure to establish either element is fatal to Williams' claim. Therefore, Defendants' motion for summary judgment on Williams' claim against Officer Shepard is **granted.**

  b. *Christopher Holcomb*

Williams alleges that Lt. Holcomb is liable because he was a supervisor during the flood. However, under § 1983, a defendant can be held liable only for their own personal actions, there is no *respondent superior* liability. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 498 (7th Cir. 2022). To be personally liable, a supervisor must (1) "know

8

about the conduct" and (2) "facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* (quoting *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)).

Lt. Holcomb declared that he was not present at Williams' cell range at the time of the flood, and he was not aware of Williams' allegations until days after the incident when Williams filed a grievance. Defendants cited this in their Statement of Material Facts Not in Dispute. (Defs.' Mem. ¶¶ 37–39 at 6, ECF No. 47.) The Court accepts this as true because it is supported by admissible evidence, and Williams has not produced any contrary evidence to suggest that Lt. Holcomb knew that Officer Shepard prevented the sanitation team from cleaning Williams' cell. Nor has Williams produced any evidence that Lt. Holcomb was even aware that Williams' cell had flooded at the time of the flood. Accordingly, no reasonable jury could conclude that Lt. Holcomb personally participated in Williams' alleged conditions of confinement. Defendants' motion for summary judgment on Williams' claim against Officer Holcomb is **granted.**

    c. *Israel Brewer*

Williams alleges that Officer Brewer is liable under § 1983 because he did not inventory Williams' television as property destroyed by the flood. As noted, to recover for a conditions-of-confinement claim, Williams must prove that he was subjected to conditions that created an "excessive risk" to his "health and safety." Here, no reasonable jury could conclude that being deprived of a television creates an excessive risk to Williams' health and safety.

9

And even if Williams were subjected to unconstitutional conditions of confinement when his cell flooded with toilet water, Officer Brewer was not responsible for these conditions because he did not cause or participate in Williams' exposure to the toilet water. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.").

Therefore, Defendants' motion for Summary Judgment on Williams' claim against Officer Brewer is **granted**.

   *d. Qualified Immunity*

Because the Court is granting summary judgment on the substance of Williams' conditions-of-confinement claims, the Court does not address qualified immunity.

## Conclusion

Defendants' motion for summary judgment, (ECF No. 46), is **granted**. All claims against Mark Shepard, Christopher Holcomb, and Israel Brewer are **dismissed**. The Clerk shall **close this case**. The Court will issue final judgment in a separate order.

   **SO ORDERED**.

Date: 3/27/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DIANTA WILLIAMS
249222
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

David Matthew Price
Office of the Indiana Attorney General
david.price@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov